IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA C. BAIR, )
)
    Plaintiff, )
) Civil Action No. 09-05 Erie
v. )
)
MICHAEL J. ASTURE, )
Commissioner of Social Security, )
)
    Defendant. )

## **MEMORANDUM ORDER**

Plaintiff's social security complaint was received by the Clerk of Court on January 12, 2009, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [Doc. No. 20], filed on July 23, 2010, recommended that Plaintiff's Motion for Summary Judgment [Doc. No. 16] be granted insofar as it requests a remand for further proceedings not inconsistent with the report and recommendation, and that Defendant's Motion for Summary Judgment [Doc. No. 18] be denied. It was further recommended that the Plaintiff's Motion to Remand [Doc. No. 12] be denied as moot. The parties were allowed fourteen (14) days from the date of service to file objections. No objections were filed.

After de novo review of the documents in the case, together with the Report and Recommendation, I agree that the case should be remanded to the Commissioner for further proceedings. I write separately however, to address the Magistrate Judge's conclusion regarding the weight accorded to the two state agency assessments in fashioning the Plaintiff's residual functional capacity. Specifically, the Magistrate Judge found that:

> ... [T]he ALJ assigned "significant weight" to the two state agency assessments that Plaintiff could perform light work. Individuals whose opinions are considered "acceptable medical sources" and entitled to substantial weight in certain circumstances include licensed physicians or psychologists and are the only sources whose opinions can establish a medically determinable impairment. *Social Security Ruling*

> ("SSR") 06-03p, 2006 WL 2329939 at *1-2 (S.S.A. 2006).
> Neither Ms. Clover nor Ms. Coscoran were acceptable medical sources under the regulations and only qualify as an "other source" under 20 C.F.R. § 404.1513 (d)(1).

Report and Recommendation p. 14.

I write to clarify that a review of the administrative record suggests that the residual functional capacity assessments were completed by state agency physicians. Although the reports do not reflect a medical source code next to the electronic signature, the record indicates that both forms were completed by a "DDS physician." (AR 2; 271-277; 323-329). I therefore find the Magistrate Judge's factual finding not well founded in this regard. Moreover even if it were, an ALJ is not necessarily precluded from according significant weight to a state agency evaluator's opinion. *See Pollace v. Astrue,* 2008 WL 370590 at *5-6 (E.D.Pa. 2008) (rejecting claimant's argument that the ALJ erred in giving considerable weight to a state agency adjudicator's opinion because he was not an "acceptable medical source"). "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in the particular case." *Social Security Ruling 06-03p,* 2006 WL 2329939 at *5 (S.S.A. 2006).

AND NOW, this 13th day of August, 2010;

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 16] is GRANTED insofar as it requests a remand for further proceedings, and Defendant's Motion for Summary Judgment [Doc. No. 18] is DENIED; the case is hereby REMANDED to the Commissioner for further proceedings. IT IS FURTHER ORDERED that the Plaintiff's Motion to Remand [Doc. No. 12] is DENIED as moot.

The Report and Recommendation [Doc. No. 20] of Magistrate Judge Baxter, filed on July 23, 2010, is adopted as supplemented herein as the opinion of the Court.

s/ Sean J. McLaughlin
United States District Judge

cm:  All parties of record
 Susan Paradise Baxter, U.S. Magistrate Judge