# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA C. BAIR, )
         Plaintiff, )
)    Civil Action No. 09-05 Erie
         v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
         Defendant. )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

    Presently pending before the Court is a Petition for Attorney's Fees filed by the Plaintiff, Pamela C. Bair ("Plaintiff"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks fees as the prevailing party following her appeal of the Commissioner's denial of social security benefits. For the reasons that follow, the Petition will be granted in part and denied in part.

### I. BACKGROUND

    Plaintiff filed an application for disability insurance benefits ("DIB") alleging disability since November 5, 2004 due to herniated discs and stenosis in her neck (Administrative Record, hereinafter "AR", 99; 102). ECF No. 5. Her application was denied and a hearing was held before an administrative law judge ("ALJ") on June 5, 2008 (AR 374-407). Following this hearing, the ALJ issued a written decision finding that although the Plaintiff suffered from cervical stenosis and degenerative joint disease, these impairments did not meet or equal the listed impairments for purposes of disability under the Act (AR 19). The ALJ found that the Plaintiff would be physically and mentally capable of performing light work activity, but was precluded from hazards such as unprotected heights and dangerous machinery, and could only perform occasional bending, stooping and squatting, but no climbing (AR 20). The ALJ further limited the Plaintiff to a sit/stand option, and simple, routine repetitive tasks in a low-stress environment (AR 19-20). The ALJ concluded that the Plaintiff could perform the jobs cited by the vocational expert at the administrative hearing, including the representative light jobs of

1

cashier, mail clerk, or rental clerk (AR 27-28). Accordingly, he found that she was not under a disability within the meaning of the Act (AR 20). Her request for an appeal with the Appeals Council was denied rendering the ALJ's decision the "final decision" of the Commissioner under 42 U.S.C. § 405(g) (AR 4-6).

Plaintiff filed her Complaint in this Court on January 12, 2009 challenging the ALJ's decision. ECF No. 2, Complaint. The case was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Thereafter, cross motions for summary judgment were filed. ECF No. 16, Plaintiff's Motion for Summary Judgment and ECF No. 18, Defendant's Motion for Summary Judgment. In her motion, the Plaintiff challenged the ALJ's residual functional capacity determination, arguing that the ALJ ignored, misinterpreted, or gave inappropriate weight to the medical evidence of record. *See* Plaintiff's Brief.

In a report dated July 23, 2010, the Magistrate Judge concluded that: (1) the ALJ erred in according significant weight to the residual functional capacity assessments of two non-physician evaluators; and (2) failed to discuss the Plaintiff's consultation with Dr. Mroz and her final visit with Dr. Start. ECF No. 20, Report and Recommendation p. 14. Accordingly, the Magistrate Judge recommended that the Commissioner's motion be denied, and that the Plaintiff's motion be granted insofar as it requested a remand for further proceedings. *See* Report and Recommendation.

Plaintiff also filed a motion to remand the case pursuant to sentence six of 42 U.S.C. § 405(g), seeking a remand based on allegedly new and material evidence. ECF No. 12, Motion to Remand and ECF No. 13, Brief in Support. Plaintiff alleged that a report of Dr. Mroz dated April 25, 2007 was "new" and "material," and that there was "good cause" for not having incorporated the new evidence into the administrative record. *Id*. In light of the fact that the case was being remanded on other grounds, the Magistrate Judge recommended that the motion be denied as moot. *See* Report and Recommendation p. 20. The Magistrate Judge noted however, that "this evidence may be submitted and considered by the ALJ, thus allowing for its incorporation into the formal record." *Id*.

2

In a Memorandum Order dated August 13, 2010, I adopted the Report and Recommendation, but wrote separately to address the Magistrate Judge's conclusion with respect to the weight accorded to the two state agency assessments in fashioning the Plaintiff's residual functional capacity. ECF No. 21, Memorandum Order; *Bair v. Astrue*, 2010 WL 3221792 (W.D.Pa. 2010).

On September 13, 2010, the Plaintiff filed her Petition for Attorney's Fees under the EAJA. ECF No. 22, Petition for Attorney's Fees. Plaintiff seeks attorney's fees for 50.8 hours of work at a rate of $174.99 per hour for a total amount of $8,889.49. ECF No. 22 and ECF No. 23, Brief in Support. In support of her Petition, the Plaintiff has submitted a Declaration of her counsel, Esther O. Yip, as well as Attorney Yip's time sheets. ECF No. 24 and ECF No. 25-1.

## II. Discussion

Under the EAJA, the Court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act permits awards of attorney's fees only to the extent they are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In the present action, the Commissioner does not contest the Plaintiff's claim that she is the prevailing party and does not object to the hourly rate she requested. Rather, the Commissioner challenges the number of hours expended in light of the facts and legal issues presented in the case. ECF No. 26, Defendant's Brief in Opposition pp. 3-7.

"Reasonable" fees are those which are not "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. A party challenging a fee request must identify the portion of the fee request being challenged and state the ground for the challenge. *Bell v. United Princeton Prop.*, 884 F.2d 713, 715 (3rd Cir. 1989). Once the adverse party objects to the fee request, the court possesses a "great deal of discretion" in deciding the reasonable fee amount in light of the objections raised. *Id*. at 721. The court has a duty to provide "a concise but clear explanation of its reasons for the fee award." *Forsythe v. Astrue,* 2008 WL 4683436 at *5 (W.D.Pa. 2008) (quoting *Hensley*, 461 U.S. at 437).

3

The Commissioner first objects to the hours spent by Attorney Yip prior to the filing of the federal complaint, contending that such pre-complaint time is not compensable under the EAJA. *See* Defendant's Brief, pp. 5-6. However, "[t]o the extent that such hours can be attributed to the civil action, they are permissible under the EAJA." *Pollgreen v. Morris*, 911 F.2d 527, 536 (11th Cir. 1990). Plaintiff is seeking compensation for 7 hours in this regard.[1]

My review of the challenged time entries reveal that the hours expended were in connection with counsel's review of the administrative file in preparation for the filing of the federal action. Attorney Yip did not represent the Plaintiff at the Administrative level; therefore, a reasonable amount of time was necessary in order for her to become familiar with the case. *See Forsythe*, 2008 WL 4683436 at *5 (finding that a "reasonable amount of time devoted to becoming familiar with the administrative record" was compensable); *Gough v. Apfel*, 133 F. Supp. 2d 878, 880 (W.D.Va. 2001) ("The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action. ... The court recognizes the duty of counsel to familiarize himself with the case before going forward with the same. ... Thus, certain pre-complaint activities are necessary and, to the extent that they are reasonable, shall be compensated."); *Caylor v. Astrue*, 2011 WL 111736 at * 2 (M.D.Fla. 2011) (citing cases). I find that Attorney Yip's pre-complaint charges are compensable and the amount of time expended is reasonable.

The Commissioner further objects to the hours requested on July 10, 2009, July 14, 2009, July 17, 2009 and July 24, 2009, contending that these hours represent clerical and administrative tasks, as well as legal research not related to the "merits litigation" of the civil action. *See* Defendant's Brief, p. 6. These time entries reflect a total of 2.7 hours for: (1) reviewing the transcript and drafting email correspondence to the Plaintiff; (2) reviewing this Court's scheduling Order, drafting an email to opposing counsel regarding an extension of time and

---

[1] The Commissioner contends that the Plaintiff is seeking compensation for 9.9 hours. A review of the time sheets reveal that not to be the case. Attorney Yip's time sheets reflect 50.80 hours of "billable" time and 23.10 hours of "unbillable" time for a total of 73.90 hours. *See* ECF No. 25-1 p. 6. The "billable" time is recorded next to Attorney Yip's initials, "EOY." ECF No. 25-1 pp. 1-6. The "unbillable" time is recorded next to the designation "Legal Services." *Id*. With respect to the challenged entries, 2.9 hours is designated as "unbillable" time for which the Plaintiff is not seeking payment.

4

drafting a motion for extension of time; (3) drafting email correspondence to the Plaintiff regarding the status of the case and questions regarding her medical treatment, reviewing the transcript and regulations, and outlining arguments; and (4) drafting email correspondence to the Plaintiff and a telephone conversation with the Plaintiff regarding the medical records. *See* ECF No. 25-1, p. 2. I find that these tasks are substantive rather than clerical in nature and appropriately performed by counsel.

The Commissioner next objects to the Plaintiff's request for hours related to researching and drafting a motion to remand the case pursuant to sentence six of 42 U.S.C. § 405(g), on the basis that they "[were] not well-grounded under Third Circuit precedent, and resulted in multiple requests for extensions of time" resulting in delay. *See* Defendant's Brief p. 7. The time entries for September 3, 2009, September 28, 2009, September 29, 2009, September 30, 2009, October 1, 2009 and October 2, 2009 indicate that Attorney Yip spent 15.2 hours performing these tasks. *See* ECF No. 25-1 p. 3.[2]

A sentence six remand is appropriate upon a showing that there is new evidence which is material and that there is good cause for the failure to have included such evidence into the record in the prior proceeding. 42 U.S.C. § 405(g); *Szubak v. Sec. of Health & Human Services*, 745 F.2d 831, 833 (3rd Cir. 1984). Having reviewed the Plaintiff's motion and supporting brief, I disagree with the Commissioner that it was essentially "wheel spinning." Although the Magistrate Judge denied the motion as moot since the case was being remanded on other grounds, she specifically directed that Dr. Mroz's report of April 25, 2007 be considered by the ALJ on remand. *See* Report and Recommendation p. 20. Consequently, the Plaintiff secured the result sought.

I conclude, however, that given Attorney Yip's level of experience, the time expended in drafting the motion should be reduced. Attorney Yip has specialized in the appeals of Social Security Act cases since 1995, and has handled "hundreds of Social Security and SSI cases at all stages of the administrative process and in federal court ... ." ECF No. 24, Yip Dec. ¶ 1. Prior to 1995, at least fifty to seventy-five percent of her practice was devoted to Social Security law. Id

---

[2] The Commissioner contends that Attorney Yip spent 21.4 hours in this regard. However, 6.2 hours is designated as "unbillable" time for which no compensation is being sought. *See* ECF No. 25-1 p. 3.

at ¶ 3. In light of counsel's significant experience, I find that 6 hours is reasonable and will reduce the requested amount by 9.2 hours. *See e.g., Cliggett v. Barnhart*, 2006 WL 1648965 at *4 (E.D.Pa. 2006) (reducing hours requested for drafting summary judgment finding that the Commissioner was entitled to "additional efficiency" based on counsel's experience and because the case did not present any novel legal issues).

Finally, the Commissioner objects to the hours requested on December 1, 2009 and July 30, 2010 (1.7 hours total). The Commissioner argues that the time spent reviewing the Commissioner's Brief and the Report and Recommendation "should not be allowed" since no reply brief or objections were filed by the Plaintiff. *See* Defendant's Brief p. 7. A review of the Commissioner's Brief and the Report and Recommendation was clearly necessary and the time spent in that regard is compensable regardless of whether a reply brief was filed. I conclude that the amount of time spent conducting the review.

In sum, I find that 41.6 hours were reasonably expended for the litigation of this matter and will award the Plaintiff attorney's fees in the amount of $7,279.58 (41.6 hours multiplied by the requested hourly rate of $174.99).[3]

### III. CONCLUSION

An appropriate Order follows.

---

[3] The fees awarded to the Plaintiff shall be awarded directly to her and not her counsel, subject to any offset to satisfy a pre-existing, qualifying debt that the Plaintiff may owe to the Government. *See Astrue v. Ratliff*, __ U.S. __, __ 130 S.Ct. 2521, 2529 (2010) (holding that an award of fees to a "prevailing party" under § 2412(d) is payable to the claimant and not her attorney and is subject to offset to satisfy pre-existing debt to the Government). The Commissioner shall determine within thirty (30) days from the date of this Court's order whether the Plaintiff owes a debt to the Unites States. If so, the debt will be satisfied first, and the remaining funds, if any, will be made payable to the Plaintiff and mailed to the business address of the Plaintiff's counsel.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA C. BAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-05 Erie |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 11th day of April, 2011, and for the reasons stated in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiff's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 22] is GRANTED in part and DENIED in part. IT IS ORDERED that the Plaintiff is awarded attorney's fees in the total amount of $7,279.58.

IT IS FURTHER ORDERED that, within thirty (30) days from the date of this Court's Order, the Commissioner shall determine whether the Plaintiff owes a debt to the Government by which this fee award may be offset, and notify the Plaintiff's counsel of same. If such debt exists, the Commissioner shall reduce the amount of fees awarded herein to the extent necessary to satisfy such debt and the remaining funds, if any, shall be made payable to the Plaintiff and mailed to the business address of the Plaintiff's counsel within fifteen (15) days thereafter.

                                                              s/ Sean J. McLaughlin
                                                              United States District Judge

cm: All parties of record.